06-3762ghmTorresDIsmSL.wpd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN M. TORRES, | § | |
| | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3762 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
|     *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Juan M. Torres filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2001 state court felony conviction. After considering the pleadings and the applicable law, the Court concludes that the petition must be dismissed as time-barred.

**I.    PROCEDURAL HISTORY**

Petitioner reports that he was convicted of murder and first degree arson on April 3, 2001 and sentenced to forty years confinement in Harris County, Texas. The state court of appeals affirmed the conviction on December 19, 2002. *Torres v. State*, No. 01-01-00999-CR (Tex. App. – Houston [1st Dist.] 2002, no pet.) (not designated for publication). The Texas Court of Criminal Appeals denied discretionary review on June 20, 2003. Petitioner's application for state habeas relief, filed on March 3, 2005, was denied by the Texas Court of Criminal Appeals on August 30, 2006. Petitioner filed the instant petition for habeas relief on November 22, 2006, challenging his conviction and post-conviction proceedings.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if

2

it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328(5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitations at the conclusion of direct review or the expiration of the time for seeking such review. Petitioner's petition for discretionary review was refused on June 20, 2003, and his conviction became final ninety days thereafter, on or about September 18, 2003. *See* SUP. CT. R. 13; *see also Roberts v. Cockrell,* 319 F.3d 690, 694-95 (5th Cir. 2003). Petitioner then had one year, or until on or about September 18, 2004, to file his federal petition. Because petitioner did not file this petition until November 22, 2006, the petition is untimely unless an exception applies.

**B.     Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's state habeas application was filed on March 3, 2005, *after* expiration of limitations, and had no tolling effect.

No grounds are shown for application of 28 U.S.C. §§ 2252(d)(1)(B), (C), or (D), and there is no statutory basis to save petitioner's untimely petition. Absent equitable tolling, this pending habeas petition is barred by the AEDPA one-year limitation period and must be dismissed.

**C.      Equitable Tolling**

Petitioner, in agreement that this petition is barred by limitations, requests the Court to apply equitable tolling to hold the petition timely. As grounds, he complains that appellate counsel neglected for ten months to inform him that discretionary review was denied, thereby foreclosing any appeal to the United States Supreme Court and narrowing his time frame for filing a federal habeas petition. The Supreme Court has never addressed squarely the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8 (2005). Because petitioner assumes that equitable tolling applies and because he is not entitled to equitable tolling under any standard, application of the principle will be assumed for purposes of this case.

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. Even assuming that appellate counsel's ten month delay in informing petitioner of the status of his case stands as an extraordinary circumstance, petitioner fails to show he diligently pursued his legal rights. Petitioner admits that in April, 2004 he became aware that his petition for discretionary review had been denied on June 20, 2003. He further admits that appellate counsel correctly informed him in May, 2004 that his deadline for a federal habeas petition was September 18, 2004, and that counsel urged him to file his state habeas petition as soon as possible to stop

4

the clock. (Docket Entry No. 3, exhibits.) Moreover, petitioner admits that appellate counsel obtained a copy of the record for petitioner's use *pro se* in pursuing collateral review.

Nevertheless, the record shows that petitioner failed to file an application for state habeas relief until March 3, 2005, six months after expiration of the federal limitation and eleven months after petitioner became aware of his case status. Petitioner offers no justification for such delay, and none appears in the record. Counsel's ten-month delay did not excuse petitioner's subsequent eleven month delay, and no due diligence is shown. Equitable tolling is unwarranted under these circumstances, and the instant petition will be dismissed as time-barred.

## III.   CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. Any and all pending motions are **DENIED AS MOOT**.   Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on November 30, 2006.

Gray H. Miller
United States District Judge